FILED
2018 DEC 14 PM 3: 34
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **I N F O R M A T I O N** |
| ) | |
| Plaintiff, ) | 1:18 CR 741 |
| ) | |
| v. ) | CASE NO._____ |
| ) | Title 26, Sections 7206(2), and |
| KARLA JENKINS, ) | 7206(1), United States Code |
| ) | |
| Defendant. ) | |

JUDGE OLIVER

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Defendant KARLA JENKINS ("JENKINS") resided in Richmond Heights, Ohio, in the Northern District of Ohio, Eastern Division.

2. JENKINS held herself out to be a tax preparer and operated a tax preparation business. As part of her tax preparation business, JENKINS prepared tax returns for clients under the name Vertical Tax Service, LLC. These clients gave personal identifying information ("PII"), including names, addresses, social security numbers, and dates of birth to JENKINS so that JENKINS could prepare the tax returns.

3. Vertical Tax Service, LLC was registered as a Limited Liability Company with the State of Ohio on February 5, 2014, with R.J., JENKINS' then-spouse, listed as the registered agent. Vertical Tax Service, LLC previously operated under the name Jenkins Tax Service d/b/a R & K Tax Services (collectively, "VTS") from approximately February 2006 through December 2013.

4. VTS was located at XXXX Mayfield Road, Suite XXX, South Euclid, Ohio 44121, in the Northern District of Ohio, Eastern Division. JENKINS prepared tax returns at this location.

5. A Preparer Tax Identification Number ("PTIN") was a number issued by the Internal Revenue Service ("IRS") to paid tax preparers. It was used to identify individual tax preparers and, when applicable, must be placed in the Paid Preparer section of a tax return that was prepared for compensation.

6. At least as early as 2010, the IRS issued JENKINS a PTIN ending in 5507.

7. Federal tax law for the years 2012 through 2015 provided for itemized deductions, including but not limited to the following deductions, which could be claimed by qualifying persons on their federal income tax returns:

   a. The Medical and Dental Expenses deduction allowed qualifying taxpayers to deduct expenses paid by the taxpayer that year for medical and dental care for the taxpayer, a spouse, and dependents. Qualifying taxpayers could deduct only the amount of total medical expenses that exceeded 7.5% of the taxpayer's adjusted gross income.

   b. The Charitable Contributions deduction allowed qualifying taxpayers to deduct charitable contributions made to qualified organizations during the year.

   c. The Miscellaneous Expenses deduction allowed qualifying taxpayers to deduct certain expenses, including Unreimbursed Employee Expenses to the extent that the expenses exceeded 2% of the taxpayer's adjusted gross income. Unreimbursed Employee Expenses included expenses that the taxpayer paid or incurred during the tax year that were for carrying on the taxpayer's trade or

business of being an employee, and were ordinary and necessary for the taxpayer's employment.

8. A Schedule C (Form 1040), Profit or Loss from Business was used by a taxpayer to report income or loss from a business that the taxpayer operated or a profession that the taxpayer practiced as a sole proprietor if the primary purpose for engaging in the activity was for income or profit and the taxpayer was involved in the activity with continuity and regularity.

9. JENKINS used the PII received from these various clients (collectively, "VTS clients") to prepare and electronically file false, fictitious, and fraudulent tax returns in the VTS clients' names. The VTS clients received the majority of the refund. JENKINS received a portion of the refund as her tax preparation fee. JENKINS falsified itemized deductions and business income and expenses to obtain income tax refunds to which neither she nor the taxpayers were entitled. Many of the false, fictitious, and fraudulent personal income tax returns filed by JENKINS shared common characteristics.

10. JENKINS used her PTIN on the false, fictitious, and fraudulent returns that she filed in the VTS clients' names.

COUNT 1
(Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return,
26 U.S.C. § 7206(2))

The United States Attorney charges:

11. The allegations in paragraphs 1 through 10 of the General Allegations are re-alleged and incorporated by reference in this count, as though fully restated herein.

12. On or about March 21, 2013, in the Northern District of Ohio, Eastern Division, Defendant KARLA JENKINS did willfully aid and assist in, and procure, counsel and advise the preparation and presentation to, the Internal Revenue Service, of the tax return of K.T. (a real

3

person known to the United States Attorney), for the calendar year 2012, which was false and fraudulent as to a material matter, in that, as the defendant well knew and believed at the time the return was prepared and presented to the IRS: (a) the return reported fictitious or falsely inflated deductions or losses, and (b) the return claimed a tax refund that was false in its entirety or was falsely inflated.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT 2
(Making and Subscribing False Income Tax Return, 26 U.S.C. § 7206(1))

The United States Attorney further charges:

13.     On or about November 20, 2014, in the Northern District of Ohio, Eastern Division, Defendant KARLA JENKINS, a resident of Richmond Heights, Ohio, who was married, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2013, on behalf of herself and her spouse, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, and which Defendant KARLA JENKINS did not believe to be true and correct as to every material matter in that, as she then and there well knew and believed, the return understated her total income (on line 22) by failing to report income that Defendant KARLA JENKINS had that year in the approximate amount of $59,617, as a result of which the return understated the amount of taxes owing for that year in the approximate amount of $19,958.

In violation of Title 26, United States Code, Section 7206(1).

JUSTIN E. HERDMAN
United States Attorney

By: _____
MICHAEL L. COLLYER
Chief, White Collar Crimes Unit